**UNITED STATES DISTRICT COURT**
**FOR SOUTH CAROLINA – CHARLESTON DIVISION**

| | |
|---|---|
| ANNISSA BISHOP, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
|           v. | ) Civil Action No.: 2:23-cv-01292-DCN |
| | ) |
| CREDIT ACCEPTANCE CORP., EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, | ) ) ) ) |
| | ) |
|           Defendants. | ) |

**VERIFIED COMPLAINT**

Annissa Bishop ("Plaintiff") brings this action against defendants CREDIT ACCEPTANCE CORP. ("Credit Acceptance"), EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION LLC ("Trans Union") (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

1

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4. Defendants' have failed their grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy. And their failures are causing damage to Plaintiff.

## JURISDICTION

5. Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

7. Plaintiff is a natural person who resides in Dorchester County, South Carolina.

8. Credit Acceptance is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b). Credit Acceptance has its principal office in Southfield, Michigan. Credit Acceptance's registered agent is Corporation Service Co., located at 508 Meeting Street, West Columbia, South Carolina 29169. Credit Acceptance is an auto finance company that has a national network of dealer-partners.

9. Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax's registered agent is Corporation Service Company located at 508 Meeting Street, West Columbia, South Carolina 29169.

10. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian's registered agent is C T Corporation System, located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

12. Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

13. Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Trans Union's registered agent is The Prentice-Hall Corporation System, Inc. located at 508 Meeting Street, West Columbia, South Carolina 29169.

14. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

15. Defendants regularly conduct business in South Carolina.

## FACTS

16. Plaintiff signed an auto loan contract with Payless Car Sales in 2018.

17. Richie Bishop II—Plaintiff's husband—was the co-buyer on the contract.

18. On information and belief, Payless Car Sales is a dealer-partner with Credit Acceptance.

19. Credit Acceptance provided the auto loan for Plaintiff and her husband for the 2018

auto purchase.

20. Plaintiff purchased gap coverage insurance when she purchased the auto from Payless Car Sales.

21. The subject automobile was stolen and wrecked on December 24, 2018; the vehicle was determined to be a total loss.

22. A year later in December 2019, Richie Bishop II passed away.

23. After the automobile was stolen, Plaintiff tried to claim gap coverage due to the auto theft and wreck, but that claim was denied.

24. Plaintiff made her last payment to Credit Acceptance in or about June 2019. Prior to her last payment, Plaintiff made her payments on time every month.

25. In or about December 2019, Credit Acceptance moved Plaintiff's account to collection/chargeoff.

26. Despite Credit Acceptance's collection/chargeoff decision it continues to report Plaintiff as 120-days late every month; rather than reporting the account as a charge off.

27. This inaccurate reporting causes damage to Plaintiff. A chargeoff from over 3 years ago is treated differently by a potential credit grantor than a 120-day late payment last month.

28. As a direct result of Credit Acceptance's reporting, Plaintiff has been denied credit opportunities.

29. Considering the erroneous reporting, Plaintiff called Credit Acceptance to make a payment on the loan to bring the loan current. But Credit Acceptance told Plaintiff it could not accept any payments from her because her account was in collections/chargeoff.

30. Plaintiff cannot bring her account current. But her credit reports erroneously indicate, each month, that she is 120 days late in making her payment.

31. In July 2022, Plaintiff sent detailed dispute letters via certified mail to Equifax, Experian, and Trans Union about this erroneous reporting.

32. Equifax received Plaintiff's detailed dispute letter on August 14, 2022.

33. Experian received Plaintiff's detailed dispute letter on August 18, 2022.

34. Trans Union received Plaintiff's detailed dispute letter on August 18, 2022.

35. On information and belief, Equifax, Experian, and Trans Union forwarded Plaintiff's dispute letters to Credit Acceptance as required under the FCRA.

36. Plaintiff did not receive responses from Equifax, Experian, or Trans Union, and months later the erroneous and derogatory Credit Acceptance reporting continues.

37. Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, Credit Acceptance, Equifax, Experian, and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and erroneous items from Plaintiff's credit reports.

38. Upon information and belief Credit Acceptance, Equifax, Experian, and Trans Union failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

39. Equifax, Experian, Trans Union, and Credit Acceptance failed to update Plaintiff's credit report to reflect that she is disputing the accuracy of the Credit Acceptance account.

40. The Defendants' actions have damaged Plaintiff financially. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress as she continues to grieve the loss of her husband.

41. Plaintiff was denied credit through the Navy Federal Credit Union due to the erroneous late payment statuses on her Credit Acceptance account.

42. Plaintiff also is the managing member of an LLC and the late payment statuses on her Credit Acceptance account are preventing the LLC from obtaining credit.

43. Plaintiff cannot move forward with credit applications until the erroneous Credit Acceptance rolling late payment statuses are corrected.

44. Plaintiff has suffered damages proximately caused by the conduct of Credit Acceptance, Equifax, Experian, and Trans Union, including:

  i. Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

  ii. Time and expense of pulling/reviewing credit reports;

  iii. Believing that the Credit Acceptance rolling lates may continue to be reported through no fault of Plaintiff's and have a chilling effect on ability to obtain credit;

  iv. Adverse information on credit reports and a negative impact to credit rating;

  v. An inability to improve credit scores during the dispute process;

  vi. An inability to qualify for loans;

  vii. Invasion of privacy;

  viii. A lower credit score; and

  ix. Having to hire attorneys to combat the improper credit reporting.

### Count I – Equifax
### Violations of FCRA §§ 1681e(b) and 1681i

45. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

46. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the

6

> purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

47. Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

48. Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

49. Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b. failing to delete the erroneous items from Plaintiff's Equifax credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

   c. failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

   d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

   e. failing to properly delete items of disputed information from Plaintiff's

      credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

50. These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

51. In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## Count II – Experian
## Violations of FCRA §§ 1681e(b) and 1681i

52. Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

53. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

54. Experian is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

55. Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

8

56. Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

    a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

    b. failing to delete the erroneous items from Plaintiff's Experian credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

    c. failing to provide Plaintiff's disputes to the companies that provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

    d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

    e. failing to properly delete items of disputed information from Plaintiff's credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

57. These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

58. In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

**Count III – Trans Union**
**Violations of FCRA §§ 1681e(b) and 1681i**

59. Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

60. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

61. Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

62. Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

63. Trans Union violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b. failing to delete the erroneous items from Plaintiff's Trans Union credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

    c. failing to provide Plaintiff's disputes to the companies that provided the information to Trans Union within 5 business days, in violation of § 1681i(a)(2);

    d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

    e. failing to properly delete items of disputed information from Plaintiff's credit file that Trans Union could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

64. These violations of §§ 1681e(b) and 1681i were willful, rendering Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

65. In the alternative, Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

### Count IV – Credit Acceptance
### Violations of FCRA § 1681s-2(b)

66. Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

67. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Credit Acceptance receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Credit Acceptance] shall conduct an investigation with respect to the disputed information."

68. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Credit Acceptance receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person

11

to a consumer reporting agency, [Credit Acceptance] shall review all relevant information provided by the consumer reporting agency…"

69. Credit Acceptance failed to fully and properly investigate Plaintiff's disputes.

70. Credit Acceptance failed to review all relevant information provided by Equifax, Experian, and Trans Union relating to Plaintiff's disputes.

71. Credit Acceptance 's conduct, action, and inaction was willful, or, in the alternative, negligent.

72. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Credit Acceptance 's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against each defendant jointly and severally;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the removal of erroneous or misleading accounts on Plaintiff's credit reports; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: March 27, 2023                    */s/ Brice E. Ricker*
                                          Brice E. Ricker
                                          Federal Bar Number: 12049
                                          State Bar Number: 101843
                                          Smith Ammons, LLC
                                          1668 Old Trolley Road, Suite 104
                                          Summerville, SC 29485
                                          Tel: (843) 900-2020
                                          bricker@smithammonslaw.com


                                          James M. Smith (motion to appear *pro hac vice* to come)
                                          Doherty Smith, LLC

9501 W. 144th Place, Suite 101
Orland Park, IL 60462
Tel: (312) 319-2879
Fax: (312) 319-4084
jsmith@dohertysmith.com

*Counsel for Plaintiff*

## **VERIFICATION**

Plaintiff Annissa Bishop declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Summerville, South Carolina.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of South Carolina that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 3/27/2023 _____

*Annissa Bishop*
**ID t4cYSxmB7xDk2B2NjoaN8ACn**
_____
/s/ Annissa Bishop, Plaintiff

14

## eSignature Details

**Signer ID:**     t4cYSxmB7xDk2B2NjoaN8ACn
Signed by:         Annissa Bishop
Sent to email:     annissa.bishop@outlook.com
IP Address:        75.182.26.11
Signed at:         Mar 27 2023, 11:42 am CDT